## BRAYLEY vs. PICKETT and another.

*Whether answer frivolous.*

1. In an action upon two promissory notes made by defendants, an answer which alleges that they were made and delivered to plaintiff's agent to take up two older notes, on which defendants were held as sureties, and upon an agreement that said older notes should be surrendered to defendants, and that plaintiff, contrary to his agreement, retains said older notes, and has neglected and still neglects to surrender them—*held,* not frivolous.
2. Whether the answer is *insufficient,* in failing to allege a demand and refusal to surrender the old notes, is not here decided.

APPEAL from the Circuit Court for *Dodge* County.

Defendants appealed from an order striking out their answer as frivolous. The averments of the pleadings will sufficiently appear from the opinion.

*E. C. Chapin,* for appellants, contended that the allegations of the answer should be liberally construed with a view to substantial justice between the parties (Wis. Code, secs. 56–58, 65; 9 Abb. Pr. R., 23; 4 How. Pr. R., 155; 8 id., 149); and that it should not have been stricken out as frivolous. 7 Wis. 379, 349, 173; 8 id., 220; 10 id., 83, 290; 13 id., 454; 6 How. Pr. R., 355; 3 Abb. Pr. R., 3; 16 id., 190; 14 Barb., 393.

*A. G. Cook* and *Lewis, McKenney & Tenney,* for respondent, insisted that a mere inspection of the answer would show that it was utterly invalid, since it did not allege any *refusal* to surrender the Keeler notes, nor that any *demand* had even been made for them; and that it must have been interposed for the mere purpose of delay. 7 Wis., 173, 379; 8 id., 220; 10 id., 83, 128, 290; 13 id., 661.

Brayley vs. Pickett and another.

COLE, J.   This is an appeal from an order overruling or striking out an answer as frivolous.   The action is brought upon two promissory notes executed by the defendants and payable to the order of the plaintiff.   The answer states that these notes were given in exchange for and to take up two other promissory notes which defendants had previously given the plaintiff for the accomodation of and as sureties for one Keeler.   It is further stated that when the Keeler notes became due, the defendants were called upon by the agent of the plaintiff to pay them, and they not being able then so to do, the plaintiff, by his agent, agreed to give them further time; that it was thereupon mutually agreed between the defendants and the plaintiff's agent, that they should give the notes in suit in lieu of the Keeler accomodation notes, which last notes the plaintiff, by his agent, agreed to surrender and give up to the defendants upon the receipt of the new notes.   And it is further alleged that the defendants, relying upon this agreement, executed the new notes and left them with the agent of the plaintiff, and that the plaintiff, contrary to this agreement on his part to be performed, retained, and still retains, the Keeler accomodation notes, and has ever since neglected, and still does neglect, to surrender and deliver up those notes, and that they are still outstanding against them.

Now, without stopping to determine whether this answer would be good on demurrer, it is quite clear that it is not frivolous.   The defendants, as in substance is alleged, were not to be liable upon the new notes except upon the surrender of the old ones; and the new notes were to take effect only upon the performance of that act by the plaintiff.   It is said, in answer to those matters relied on to defeat the action, that it does not appear that the plaintiff has refused to surrender the old notes, or that any demand has ever been made upon him for them. It may be that the answer would be held insufficient for not alleging such a demand and refusal, though upon a liberal construction of the pleading, it would appear to be the duty of the

plaintiff to surrender, or offer to surrender, the old notes before bringing the action. It is very evident that he would not be entitled to a judgment upon the notes sued on, without producing the old notes; and the agreement seems to have been that the plaintiff was to deliver up and surrender these last notes before the former were to have force and effect.

We do not, however, wish to be understood as passing upon the sufficiency of the answer in stating a good defense to the action. That is not the question before us, but merely whether the answer is frivolous. That this answer cannot be held frivolous under the repeated decisions of this court, is a point quite clear to our minds.

*By the Court.*—The order striking out or overruling the answer as frivolous is reversed, and the cause remanded for further proceedings according to law.